**James WILKETT d/b/a Wilkett Trucking Co., Petitioner,**

**v.**

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.**

No. 82–1373.

United States Court of Appeals, District of Columbia Circuit.

June 30, 1988.

Concurring and Dissenting Opinions Aug. 23, 1988.

Michael Martin, Atty., Henri F. Rush, Deputy Gen. Counsel, Robert S. Burk, Gen. Counsel, I.C.C., Charles F. Rule, Asst. Atty. Gen., Kenneth G. Starling, Deputy Asst. Atty. Gen., Robert B. Nicholson, Atty., and Laura Heiser, Atty., Dept. of Justice, were on the suggestion for rehearing en banc.

Before WALD, Chief Judge, and ROBINSON, MIKVA, EDWARDS, RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.

Concurrence in the denial of rehearing en banc filed by Circuit Judge EDWARDS.

Dissent from the denial of rehearing en banc filed by Circuit Judge STARR, in which Circuit Judges BUCKLEY, D.H. GINSBURG and SENTELLE join.

Dissent from the denial of rehearing en banc filed by Circuit Judge STEPHEN F. WILLIAMS.

## ON RESPONDENTS' SUGGESTION FOR REHEARING EN BANC

Suggestion Denied by Order Filed June 30, 1988.

HARRY T. EDWARDS, Circuit Judge, concurring in the denial of rehearing en banc:

Five years ago, in a unanimous opinion in which I joined with Judge McGowan and Judge MacKinnon, this court held that the ICC's denial of Wilkett Trucking Company's application for expanded license authority to transport coal from all points in Oklahoma to any point in Texas was arbitrary and capricious. *Wilkett v. ICC*, 710 F.2d 861 (D.C.Cir.1983) (*"Wilkett I"*). In reaching this judgment, the panel found the ICC decision to be "misdirected," *id.* at 863, and "unreasonable," *id.* at 864, in part because the agency action constituted "an unexplained departure from previously applied standards." *Id.* at 865. No member of this court saw reason to call for a vote for rehearing *en banc* to question the opinion of the panel in *Wilkett I.*

Five years after the decision on the merits in *Wilkett I,* a second unanimous panel of this court awarded fees to Wilkett under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1982 & Supp. III 1985), as the prevailing party in the underlying case against the ICC. *Wilkett v. ICC,* 844 F.2d 867 (D.C.Cir.1988) (*"Wilkett II"*). In reaching this result, the panel found that the position of the Government in the underlying litigation was not "substantially justified," *id.* at 871–73, and that "unusual delay" in the award of fees could be con-

sidered a "special factor" under EAJA. *Id.* at 876. In an Order issued on June 30, 1988, a majority of the judges on the court voted against a suggestion for rehearing *en banc in* Wilkett II.

In light of the history of this case, it is perplexing to read Judge Williams' dissent from the denial of rehearing *en banc* in *Wilkett II.* Judge Williams' principal complaint is that "[t]he underlying decision [in *Wilkett I*] is troubling," and so he seeks some measure of relief by overturning the *entire* award of fees in *Wilkett II.* Although Judge Williams recognizes that "the court cannot use the *en banc* procedure to correct every opinion that a majority regards as erroneous," he appears to abandon this precept in seeking *en banc* review in *Wilkett II.*

A unanimous panel judgment that agency action is not "substantially justified" surely presents a compelling situation in which the judges of this court ought to be constrained to give significant weight to the decision of a three-judge panel in considering a suggestion for rehearing *en banc.* This is especially true in a case of this sort, where both the original panel and a second unanimous panel deciding the attorney fee issue have found that the ICC's decision reflected a "gross failure" to follow previously applied agency standards. *Willkett II,* 844 F.2d at 872. I agree with Judge Williams that this case is "simple." This is why the panel in *Wilkett II* found that the Commission action was not "substantially justified" under any measure of that standard. 844 F.2d at 871 n. 2.

In his separate opinion dissenting from the denial of rehearing *en banc,* Judge Starr raises a different—and not insignificant—issue regarding the question of "delay." Judge Starr's disagreement with the panel opinion focuses on an interpretation of the Supreme Court's decision in *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250. As Judge Starr notes, the Court in *Shaw* indicated that there must be a clear waiver of the no-interest rule for the shield of sovereign immunity to be lifted; but, as the panel opinion in *Wilkett II* notes, *Shaw* did not pur-

port to interpret the Equal Access to Justice Act. *Wilkett II,* 844 F.2d at 876. In this case, relying on the statutory language of EAJA (which is quite different from the statutory fee provision considered in *Shaw,*) the panel found that fees could be awarded for "unusual delay" in limited circumstances. *Id.*

If there is some doubt about the decision on the question of delay, it is noteworthy that the holding on this point is very limited. The panel in *Wilkett II* said the following:

> We emphasize ... that no adjustment of the $75 cap other than that necessary to compensate for an increase in the cost of living is available in routine cases. Some delay in payment is inevitable, given the strain under which almost all courts labor. The *normal* delay attendant on litigation of a fee request can hardly be called a *"special* factor." Nor will we permit an increase in the cap in every instance when there has been a delay in payment that is unusually long. If, for example, a prolonged delay is attributable to the negligence of the party requesting fees, an upward revision of the adjusted cap might not be warranted. Where the delay is exceptional and not attributable to negligence or improper conduct by the prevailing party, however, an increase might be appropriate where the prevailing party is able to justify the increase it seeks.

*Wilkett II,* 844 F.2d at 876. It is plain from the foregoing language—especially when considered in light of the highly unusual facts that resulted in the delay in this case—that there will be few if any cases like *Wilkett* in the future.

STARR, Circuit Judge, dissenting from the denial of rehearing en banc, in which Circuit Judges BUCKLEY, D.H. GINSBURG, and SENTELLE joins:

I would hear this case *en banc* solely on the question of delay. In my view, the panel's decision is incompatible with the teachings of the Supreme Court in *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). *Shaw*

holds that Congress must explicitly waive the no-interest rule in order for the shield of sovereign immunity to be lifted. *Shaw* specifically rejected the argument that a waiver had been effected by a statute providing that "the United States shall be liable for costs the same as a private person." *Id.* 106 S.Ct. at 2961 (quoting 42 U.S.C. § 2000e–5(k) (1982)). In addition, *Shaw* rebuffed the proposition that waiver of sovereign immunity had been effected through use of the term "reasonable" attorney's fees. *Id.* at 2964. Finally, *Shaw* held that policy reasons, "no matter how compelling, [are] insufficient ... to waive this immunity." *Id.* at 2965. Implied waivers, in sum, simply do not comport with *Shaw's* teaching.

Under these circumstances, the panel's attempted limitation of *Shaw* is unavailing. Nor does *Pennsylvania v. Delaware Citizens' Council for Clean Air,* —— U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), bear on the sovereign immunity question. Quite apart from that case having nothing to do with the issue of delay, the sovereign there, of course, was the Commonwealth of Pennsylvania, whereas the pertinent authorities in this case are federal statutes, triggering the issue whether the United States Congress has waived the immunity enjoyed by the federal sovereign. In my judgment, *Shaw* commands us to vacate the panel's award to this limited extent.

WILLIAMS, Circuit Judge, dissenting from denial of rehearing en banc:

While I hesitate to increase the judicial burdens arising from fee litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982 & Supp. III 1985), some things go too far. The underlying decision is troubling enough. It holds, in effect, that the Interstate Commerce Commission may not refuse to expand a trucking licensee's operating authority on the grounds that its principal is a convicted murderer and drug dealer. *See Wilkett v. ICC,* 710 F.2d 861, 862 & n. 1 (D.C.Cir.1983) (conviction for conspiracy to distribute controlled substance); *id.* at 863 (conviction for murder). I should have thought the Commis-

sion could infer from such conduct (without being arbitrary or capricious) that the firm fell short of the statutorily required fitness —specifically, that it lacked the necessary "willingness and ability to comport in the future with the applicable rules and regulations of [the] Commission." *See id.* at 864 (citations omitted); *cf. United States v. Tarantino,* 846 F.2d 1384, 1405–06 (D.C. Cir.1988) (readiness to kill others is probative of lack of credibility).

But the original merits are not directly before us in this case. What is too much— and is remediable by the court in the requested *en banc*—is a rule that the Commission was not "substantially justified," i.e., did not have a "reasonable basis both in law and fact," *see Pierce v. Underwood,* — U.S. ——, —— – ——, 108 S.Ct. 2541, 2546–49, 101 L.Ed.2d 490 (1988), in claiming that its original position was lawful.

Of course the court cannot use the *en banc* procedure to correct every opinion that a majority regards as erroneous, especially for the application of an accepted standard to specific facts. *Cf. Pierce v. Underwood,* — U.S. at —— – ——, 108 S.Ct. at 2546–49 (reasons for highly deferential circuit court review of district court EAJA decisions). But the facts of this case are so simple that the *en banc* cure will cost little judicial time. If the court is unwilling to make that modest investment, litigants may fairly conclude that fees under EAJA are up to the panel's whim.

Under my proposed disposition the court would not reach the interest issue; otherwise I would agree with Judge Starr's reasons for accepting the suggestion for rehearing *en banc* on that point.