Leola BROWN, Plaintiff–Appellant,

v.

Louis W. SULLIVAN,* Secretary of Department of Health and Human Services, Defendant–Appellee.

No. 89–15008.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 1990.**

Decided July 3, 1990.

As Amended Oct. 11, 1990.

---

* Louis W. Sullivan is substituted for Otis R. Bowen, former Secretary of Health and Human Services, pursuant to Fed.R.App.P. 43(c)(1).

** The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Jeffrey J. Preefer, Cupertino, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before FLETCHER, PREGERSON and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

This case concerns attorney fee awards following a reversal of the Secretary of Health and Human Services' denial of Supplemental Security Income disability benefits to appellant Leola Brown. The district court granted attorney fees at $75 per hour under 28 U.S.C. § 2412(d), but denied fees at reasonable market rates under 28 U.S.C. § 2412(b). Brown appeals that portion of the district court's order denying attorney fees at market rates under 28 U.S.C. § 2412(b). Brown also seeks interest on an earlier appeal of a previous district court order granting fees at market rates.[1] Finally, Brown seeks additional fees for bringing and appealing the present fees motion. We reverse and remand this matter to the district court.

## BACKGROUND

On July 29, 1980, claimant-appellant Leola Brown filed an application for Supplemental Security Income (SSI) disability benefits as of April 9, 1980, the alleged onset date of her disability. After a hearing on June 23, 1981, and a review by the Appeals Council, the Secretary of the Department of Health and Human Services (Secretary) denied the SSI disability benefits on September 16, 1981. Brown appealed this rul-

ing in district court. While that proceeding was pending, Brown filed another application for SSI benefits on October 6, 1981, alleging the same disability onset date of April 9, 1980.

Upon hearing this second application and examining additional medical evidence, the Administrative Law Judge (ALJ) awarded benefits as of the originally claimed onset date, April 9, 1980. However, the ALJ's ruling was appealed under an "own-motion" review program employed by the Social Security Administration called the "Bellmon Review Program."[2] The Appeals Council affirmed the ALJ's finding of disability as of October 6, 1981, the date of Brown's second application, but reversed as to the period from April 9, 1980 to October 6, 1981. Brown then appealed to the district court the denial of benefits from April 9, 1980 to October 6, 1981.

In January 1984, the district court consolidated the two appeals and remanded the matter to the Secretary for further administrative proceedings. The district court found that the Appeals Council erred by revising the second ALJ's decision without reviewing the complete record, including a transcript or audio tape recording of the administrative hearing.

On remand, the Appeals Council initially asserted that the tape of the hearing was inaudible, but Brown's attorney insisted that the tape was in fact audible and pressed for a transcript of the tape. This transcript was prepared only after the district court, on June 29, 1984, ordered the defendant to produce and transcribe the tape in response to a motion filed by Brown.[3] On February 11, 1985, the Appeals Council affirmed its earlier denial of disability benefits for the period between April 9, 1980, and October 6, 1981.

---

1. That previous order was vacated and remanded by this court in an order filed April 4, 1988.

2. Under the Bellmon program, a case decided by an ALJ was referred to the Appeals Council if the case fell into one of four categories: "(1) A national random sample of cases; (2) allowance decisions of new ALJs; (3) decisions referred by the SSA's Office of Disability Operations; and (4) decisions of particular ALJs." *Barry v. Bow-*

*en,* 825 F.2d 1324, 1327 (9th Cir.1987) (citing *Association of ALJs v. Heckler,* 594 F.Supp. 1132, 1134 (D.D.C.1984)).

3. Despite the court order, however, Brown's counsel did not receive the transcript within the thirty-day period ordered by the court. Brown had not received the transcript as of August 30, 1984—more than sixty days after the court order.

Brown then appealed that decision to the district court, and both parties moved for summary judgment. In May, 1985, Brown filed a Request for Production of Documents, having been unsuccessful in her attempts to receive documents related to the Bellmon Review Program under the Freedom of Information Act. Brown alleges that as a result of delays in the production of these documents, she was forced three times to continue her motions for summary judgment. The Request for Production of Documents was eventually denied by a magistrate in November, 1985, in part because discovery is not ordinarily available in social security matters. However, the Secretary had informed the magistrate in his brief, and apparently also in court, that he intended to release the requested documents under the Freedom of Information Act, and eventually did so in December, 1985.

In its Memorandum Decision dated May 5, 1986, the district court found that the Secretary's use of the Bellmon Review Program, which allowed for a systematic review of decisions of Administrative Law Judges according to a ratio of benefits allowed to benefits denied, was a violation of Brown's due process rights. The court remanded the case to the Secretary for the purpose of holding a new hearing at the ALJ level in order to determine whether Brown was disabled during the period from April 9, 1980, to October 6, 1981. Brown then moved for an order amending or altering the district court's Memorandum Decision of May 5, 1986, requesting that the court rule on the merits rather than remand for another ALJ hearing. The Secretary similarly requested a ruling on the merits.

In a Memorandum Decision dated August 27, 1986, the district court made a full review of the record to determine whether the ALJ's decision finding Brown disabled as of April 9, 1980, was supported by substantial evidence. The court found that it was and granted Brown summary judgment. The district court reversed the Appeals Council's decision of February 11, 1985, and remanded the case to the Secretary with instructions to pay benefits to Brown for the period of April 9, 1980 through October 6, 1981. Brown then sought recovery of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

In an Order dated December 9, 1986, the district court held that the Secretary's use of the unconstitutional Bellmon Review Program amounted to prima facie evidence of bad faith for purposes of 28 U.S.C. § 2412(b), which permits an award of reasonable attorney fees in excess of the $75 per hour ceiling of 28 U.S.C. § 2412(d)(2)(A). The district court also stated, without making specific findings of fact, that the Secretary's alleged acts or failures to act in several ways strengthened appellant's case for finding bad faith. These acts or omissions included the Appeals Council's reviewing the ALJ decision without a transcript from the hearing, failing to disclose to the district court or Brown's counsel that an audio tape recording of the hearing existed, and delaying the production of documents necessary to determine whether Brown's due process rights were violated under the Bellmon Review Program. In light of this finding of bad faith, the district court awarded appellant attorney fees at the market rate of $125 per hour.

The Secretary appealed this award and on April 4, 1988, this court vacated the district court's order and remanded for reconsideration in light of *Barry v. Bowen*, 825 F.2d 1324 (9th Cir.1987). In *Barry*, we held that use of the unconstitutional Bellmon Review Program did not in and of itself constitute bad faith for the purposes of awarding attorney fees under 28 U.S.C. § 2412(b). 825 F.2d at 1334.

On remand, the district court, without a written opinion, denied attorney fees for "bad faith" under 28 U.S.C. § 2412(b) but granted fees at the EAJA rate of $75 under 28 U.S.C. § 2412(d) in an order dated December 14, 1988.

Brown appeals this order, maintaining that the Secretary's behavior in this case (the Bellmon Review notwithstanding) demonstrated "bad faith," thus permitting an

award of attorney fees at reasonable rates under 28 U.S.C. § 2412(b).

## STANDARD OF REVIEW

■ A district court's decision regarding the amount of attorney fees awarded under the EAJA is reviewed for abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 562, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); *accord Barry v. Bowen,* 825 F.2d at 1331. A district court's finding regarding a party's bad faith is reviewed under the clearly erroneous standard. *Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751, 756 (9th Cir.), *cert. denied,* 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986). Issues concerning the proper interpretation of the EAJA are reviewed de novo. *Barry,* 825 F.2d at 1331 (citing *LaDuke v. Nelson,* 762 F.2d 1318, 1333 (9th Cir.1985), *modified,* 796 F.2d 309 (9th Cir. 1986)).

## DISCUSSION

### I. Bad Faith

The Equal Access to Justice Act, 28 U.S.C. § 2412 provides, *inter alia,* for an award of "fees and other expenses" to a prevailing party (other than the United States) in a judicial review of an agency action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The statute sets a limit on the amount of attorney fees:

> [A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).

Under certain conditions, however, the EAJA allows for an award of attorney fees at a reasonable market rate. 28 U.S.C. § 2412(b) states in pertinent part:

> [A] court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency ... of the United States.... The

United States shall be liable for such fees and expenses *to the same extent that any other party would be liable under the common law....*

28 U.S.C. § 2412(b) (emphasis added). This "liable under the common law" provision has been used to allow awards of attorney fees at market rates in cases involving "bad faith" by the United States or an agency of the United States. *See Barry v. Bowen,* 825 F.2d at 1333. Section 2412(b) codifies the bad faith exception to the "American Rule" against awarding attorney fees. *Id.* at 1334; *see also* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4987.

■ This bad faith exception is "a narrow one," typically invoked in cases of "vexatious, wanton, or oppressive conduct." *Barry,* 825 F.2d at 1334 (citing *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). An award of attorney fees under the bad faith exception is "punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." *Beaudry,* 780 F.2d at 756 (9th Cir.) (quoting *United States v. Standard Oil Co.,* 603 F.2d 100, 103 (9th Cir.1979)).

■ In *Barry,* we held that the Bellmon Review Program violated the claimant's due process rights: "[the] Bellmon Review placed pressure first on ALJs to deny benefits and then, if the applicant was nevertheless successful, insinuated that the Appeals Council should reverse.... It thus impaired the impartiality of the decisionmakers." *Barry,* 825 F.2d at 1330. However, we also held that bad faith cannot be based on a finding that the government unreasonably implemented and defended the Bellmon program "without any further showing of vexatious or oppressive conduct." *Id.* at 1334. Therefore, insofar as the district court implicitly found that the use of the Bellmon Review Program was not by itself sufficient evidence of "bad faith," its decision was correct.

However, this case involves injurious conduct by the Secretary beyond mere use of the Bellmon program. In *Barry,* we pointed out that "one hallmark of bad faith is a disregard of the judicial process." *Id.* The process for review of benefit allowances by the Department of Health and Human Services is statutorily defined. 42 U.S.C. § 405(b) states that any review conducted by the Secretary must be based on "the evidence adduced at the hearing." Stated even more specifically, "the Appeals Council will consider all the evidence in the administrative law judge hearing record." 20 C.F.R. § 404.976(b) (1989). Here, the Appeals Council made a determination without examining a transcript of the audio cassette which represented the only recording of the ALJ hearing. As the district court pointed out in its Memorandum Opinion dated January 26, 1984:

> The ALJ clearly considered claimant's "credible and consistent testimony" to be crucial to his conclusions regarding her disability. In modifying the decision of the ALJ, the Appeals Council did not have before it (nor does the Court have before it now) the transcript of claimant's hearing before the ALJ. Thus, the Court has only an incomplete record upon which to conduct its review of the Secretary's decision.

In *Baker v. Bowen,* 839 F.2d 1075 (5th Cir.), *reh'g denied,* 848 F.2d 66 (1988), the Fifth Circuit held that the Secretary's conduct rose to the level of "bad faith" where the Appeals Council failed to review a tape of the ALJ hearing. The court found that the Appeals Council had an affirmative duty to review a tape when it is part of the "evidence adduced at the hearing":

> We therefore hold that the Appeals Council failed to fulfill this statutory duty when it affirmed the ALJ, perfunctorily and automatically, without reviewing all the evidence, and that for purposes of awarding attorneys' fees this constitutes bad faith in cases in which the Secretary, after suit is filed, determines that benefits should have been granted.

*Id.* at 1082. The Fifth Circuit reasoned that "had the Appeals Council reviewed the tape initially, as was its duty, there would have been no litigation in this case." *Id.*

While the Appeals Council in the instant case did not reverse its earlier decision after reviewing the completed record, it is noteworthy that the Appeals Council's failure to review the tape in the first instance created delays and necessitated Brown's filing the first action in the district court. Compounding this injury is the fact that after the district court remanded the case to the Appeals Council for a proper review of the record, the Council inaccurately claimed that the tape was inaudible. A transcript was not attained until Brown was forced again to request relief from the district court, which ordered the Secretary to prepare a transcript of the recorded ALJ hearing. Still, despite the court order, the Secretary failed to produce the transcription within the ordered time period. After the Appeals Council finally reviewed the entire record and affirmed its earlier reversal of the ALJ's grant of benefits, the Secretary's acts or failures to act further hindered Brown, forcing her to endure unnecessary delays. Brown apparently encountered several delays in her efforts to review documents in possession of the Secretary, and her motions for summary judgment were consequently continued three times.

The Secretary seeks to excuse these various delays and the failure to properly review the tape as mistakes or administrative errors understandably committed as a result of the agency's vast size and complex system. The Secretary maintains that mistakes such as these do not rise to the level of "vexatious or oppressive" behavior necessary for a finding of bad faith. We disagree.

We find that the cumulative effect of the Secretary's actions in the handling of Brown's case constitutes "bad faith." These acts include the Appeals Council's failure to review a tape of an ALJ's hearing, a statutory duty, and other acts that caused delay and necessitated the filing and hearing of additional motions, *viz.,* the Secretary's delay in producing documents and in transcribing the tape.

Therefore, the district court erred in finding that the Secretary's actions in this case did not amount to bad faith. We remand this case to the district court so that it may exercise its discretion to award attorney fees to Brown at reasonable market rates under 28 U.S.C. § 2412(b). The district court may award attorney fees at market rates for the entire course of litigation, including time spent preparing, defending, and appealing the two awards of attorney fees, if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith. *See General Fed'n of Women's Clubs v. Iron Gate Inn, Inc.*, 537 A.2d 1123, 1129–1130 (D.C.App.1988) (upholding a trial court's award of attorneys' fees under the bad faith exception to the American Rule, and stating that: "The law is well established that, when fees are available to the prevailing party, that party may also be awarded fees on fees, i.e., the reasonable expenses incurred in the recovery of its original costs and fees."); *cf. Commissioner, Immigration and Naturalization Serv. v. Jean*, — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (disapproving of *National Wildlife Fed'n v. Federal Energy Regulatory Comm'n*, 870 F.2d 542 (9th Cir.1989) and implicitly disapproving of *Rawlings v. Heckler*, 725 F.2d 1192 (9th Cir.1984) by holding that in awarding fees under 28 U.S.C. § 2412(d)(1)(A) for litigating the fees question, a court need not make a *separate* inquiry into whether the government's position in the fees litigation is "substantially justified").

## II. Interest on Fees Award

 28 U.S.C. § 2412(f) provides for the payment of interest on a fees award that is unsuccessfully appealed by the United States:

> If the United States appeals an award of costs or fees and other expenses made against the United States under this section and the award is affirmed in whole or in part, interest shall be paid on the amount of the award as affirmed.

Brown argues that she is entitled to interest on the district court's previous order, dated December 9, 1986, which granted attorney fees at market rates. Section 2412(f) allows interest, however, only when the United States is appealing an award of fees. Although the United States did appeal the previous award of fees, Brown participated in a joint motion to remand the case to the district court for reconsideration of the award in light of *Barry v. Bowen*, 825 F.2d 1324. That motion was granted by this court in an order dated April 4, 1988.

Because the present appeal was taken by Brown, and not the United States, section 2412(f) is not applicable here. We therefore deny Brown's request for interest on the district court's previous order.

REVERSED and REMANDED for proceedings consistent with this opinion.