**McArthur JONES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–58.**

United States Court of Veterans Appeals.

Sept. 19, 1991.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Associate Judges.

**ORDER**

PER CURIAM.

On June 4, 1991, William G. Smith, Esq., attorney for appellant McArthur Jones, filed a bill of costs seeking taxation against the Secretary of Veterans Affairs (Secretary) under 28 U.S.C. § 2412(a) and (b) of costs totalling $781.37 incurred in the appeal in *Jones v. Derwinski*, U.S.Vet.App. No. 90–58 (Apr. 10, 1991). Attorney Smith contends that appellant is entitled to taxation of costs against the Secretary because, having been granted service connection in a May 23, 1991, decision of the Board of Veterans' Appeals on remand from this Court, appellant has prevailed against an agency of the United States Government. Bill at 1. On consideration of the foregoing and because this is the first instance in which the Court has directly addressed issues involving 28 U.S.C. § 2412, part of the Equal Access to Justice Act (EAJA), it is

ORDERED that, within 45 days of the date of this order, the Secretary and appellant file briefs addressing, *inter alia*, the following issues:

(1) The Court's authority, if any, under 28 U.S.C. § 2412(a), (b), and (d), to enter a judgment for costs or fees and expenses of attorneys. *Essex Electro Engineers v. United States*, 757 F.2d 247 (Fed.Cir.1985); *see also In re Davis*, 899 F.2d 1136 (11th Cir.1990); *Bowen v. Comm'r*, 706 F.2d 1087 (11th Cir.1983).

(2) The prerequisites to an award of costs, expenses, and fees under each of the three subsections. See, *e.g.*, as to subsection (b), *American Hospital Ass'n v. Sullivan*, 60 U.S.L.W. 2034 (D.C.Cir. July 16, 1991); *Brown v. Sullivan*, 916 F.2d 492 (9th Cir.1990).

(3) Whether, in light of subsections (c)(1) and (c)(2) (in the absence of a determination that the Secretary acted in bad faith), the Court has authority under subsections (a) or (b) to enter a judgment, which would be payable by the Department of Veterans Affairs, for costs or fees and expenses of attorneys. See, *e.g.*, *Griffin and Dickson v. United States*, 21 Cl.Ct. 1 (1990), in which the Court ordered the Department of Agriculture to pay costs apparently awarded under section 2412(a).

(4) Whether the term "civil action" as used in subsections (a), (b), and (d)— except as further defined in subsection (d)(2)(E)—is limited to actions brought under the Federal Rules of Civil Procedure, *see* F.R.Civ.P. 2, or may include appeals filed in this Court. See, *e.g.*, as to subsection (d), *Wilkett v. ICC*, 844 F.2d 867, 870 (D.C.Cir.1988), *reh'g en banc denied*, 857 F.2d 793 (1988).

(5) The extent to which the Court must or should reach the issue of the applicability of subsection (d) to these proceedings in order to dispose of the pending bill of costs.

(6) The extent to which the specific items for which the petitioner requests reimbursement are covered under each of the three subsections.

The Clerk of the Court is directed to set the matter for oral argument as soon as the business of the Court permits.

The Court invites the United States to submit, as *amicus curiae,* its views on the foregoing questions within 45 days after the date of this order. The Court also invites the brief of any other *amicus curiae* upon the foregoing questions within 45 days after the date of this order. *See* U.S.Vet.App.R. 29.

Statement of STEINBERG, Associate Judge.

I do not concur in the penultimate sentence in the Court's September 19, 1991, per curiam order singling out the United States for an amicus invitation from the Court.