10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerda SPIELES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 92-55650.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 12, 1993.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 Gerda Spieles appeals the denial of her motion seeking attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 ("EAJA"). She contends the government's position in opposing her claim for disability insurance benefits under the Social Security Act, 42 U.S.C. Secs. 401 et seq., was not "substantially justified" and was taken in "bad faith." We affirm.
 
 
 2
 The parties consented to proceeding before a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)(1). Because the magistrate judge did not enter the separate judgment contemplated by Fed.R.Civ.P. 58 upon remanding the case to the Secretary, the 30-day period within which Spieles was required to file her EAJA motion never ran. See Shalala v. Schaefer, 113 S.Ct. 2625, 2632 (1993); Gray v. Secretary of Health & Human Servs., No. 91-55380, slip op. 9835, 9836, 1993 WL 344323 (9th Cir. Sept. 13, 1993). The magistrate judge therefore had jurisdiction to rule on Spieles's request for attorney's fees. We have jurisdiction over the appeal from the magistrate judge's decision pursuant to 28 U.S.C. Sec. 636(c)(3). We review for an abuse of discretion a decision whether a position taken by the government was "substantially justified." Williams v. Bowen, 966 F.2d 1259, 1260 (9th Cir.1991). A finding that the government acted in bad faith is reviewed under the clearly erroneous standard. Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir.1990).
 
 
 3
 Contrary to Spieles's argument, the original ALJ decision gave some attention to her pain. (See CR 8, at 38.) Furthermore, in rejecting the treating physician's conclusion that "the claimant is limited to less than a full range of sedentary work," the ALJ referred to "the opinion of State Agency evaluators ... that the claimant is capable of light work." (Id.) Thus, the ALJ did not dismiss out-of-hand issues raised by Spieles. Instead, he considered them and cited reasons for rejecting them.
 
 
 4
 The second ALJ decision was also substantially justified. As directed by the Appeals Council, the ALJ called a vocational expert and raised several questions about Spieles's "non-exertional limitations." (See CR 8, at 18-19, 113-14.) Although the hypothetical questions posed by the ALJ did not include pain and side effects of medication, Spieles's counsel raised these matters with the expert and the ALJ asked follow-up questions. (See CR 8, at 114-18.)
 
 
 5
 Spieles overlooks substantial differences between the two ALJ decisions when she criticizes the second ruling as faulty for the same reasons as the first. The second decision offered five reasons for not crediting Spieles's pain testimony in full. (See CR 8, at 20-21.) Although the magistrate judge found two of the reasons insufficient because they involved medical opinions not in the record, he observed that the ALJ "gave numerous specific (although legally insufficient) reasons for deeming Plaintiff's testimony not credible" and therefore remanded the case to the same ALJ rather than reversing the Secretary or remanding the case to another ALJ. (CR 16, at 8-9.) The second ALJ decision also offered three reasons for disregarding the opinion of a treating physician, Dr. Lonergan, two of which were left intact by the magistrate judge. And, although the second ALJ decision offered the same reasons as the first decision for rejecting Dr. Smalley's opinion, the second decision actually accepted Dr. Smalley's opinion, at least in part.[1]
 
 
 6
 Finally, Spieles contends the decision referring her case back to a state agency for evaluation of possible mental impairment not only lacks substantial justification but also shows bad faith. We disagree. The report of Dr. Peacher is evidence of mental difficulty, and there is authority for returning the case to the state agency. See 20 C.F.R. Secs. 404.941, .1520a(d)(1)(iii).
 
 
 7
 In sum, the government's position had a reasonable basis in both law and fact. The magistrate judge did not abuse his discretion or clearly err in concluding that the government's actions were substantially justified and, by implication, taken in good faith. See, e.g., Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir.1990) (government substantially justified if its position has reasonable basis in law and fact).[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The parties are familiar with the facts and issues; we will not restate them here. The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smalley opined that "claimant is limited to less than a full range of sedentary work." (CR 8, at 22.) The ALJ concluded in his second decision that "claimant is capable of a range of sedentary work limited by the restrictions imposed by the Appeals Council." (Id. (emphasis added).) This conclusion differs from the ALJ's original finding that "claimant is capable of a full range of sedentary work." (CR 8, at 38 (emphasis added).)
 
 
 [2]
 Spieles also complains briefly about certain arguments made by the government in the course of defending the Secretary's actions. However, the government's arguments were within the range of acceptable advocacy