52 F.3d 333
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gale R. JOHNSON, on Behalf of Himself and All Others
Situated, Plaintiff-Appellant,
Tracy A. Defrance; Sandy Johnson, on Behalf of Themselves
and All Others Similarly Situated, Intervenors-Appellants,
v.
Donna E. SHALALA, Secretary, of HEALTH and HUMAN SERVICES,
Defendant-Appellee.
 No. 93-35522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided April 21, 1995.
 
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We remand so that the district court can reassess its award of attorneys' fees in light of our subsequent decision in Johnson v. Shalala (Johnson I), 2 F.3d 918 (9th Cir.1993). That decision reverses in part the district court's class certification. If fees are awarded, the district court should also assess whether special factors exist justifying a higher hourly rate than the $75 statutory rate adjusted upward by increases in the cost of living.
 
 I.
 
 3
 We held in a different and unrelated case, while this one was pending in district court, that the Secretary's substantive position on treatment of in-kind support was incorrect. Ceguerra v. Secretary of Health & Human Services, 933 F.2d 735 (9th Cir.1991). Ceguerra came down May 15, 1991. The Social Security Administration changed its practice to conform to Ceguerra and other authority in December of 1991, still during the pendency of the case at bar in district court. The case at bar then went up for review, and was reversed. Johnson I, 2 F.3d at 918. We of course affirmed the substantive determination, which was compelled by Ceguerra, but we reversed the class certification. The district court had granted relief in the case at bar based on Ceguerra to all members of the class whose applications had been disposed of inconsistently with Ceguerra since 1978. We reversed and held that relief should only have been granted to those applicants who were not barred by the 60-day statute of limitations, that is, applicants whose claims had lost no later than July 19, 1990. Johnson I, 2 F.3d at 924.
 
 
 4
 The district court's attorneys' fees award came down before we reversed the class certification. The magistrate judge reduced the hours he used in the lodestar calculation on the ground that Ceguerra won the case on the merits, before much work had gone into the case at bar, and most of the work of counsel in the case at bar had to do with the class certification. The district court decided that the Secretary's position on the merits, regarding whether to reduce SSI payments by in-kind loans, was not substantially justified, so the plaintiffs were entitled to an award for attorneys' time spent on that issue and for seeking attorneys' fees. Plaintiffs conceded that the government's position was substantially justified on the class certification issues, so the magistrate judge reduced the hours used for the lodestar calculation to pull out the time spent on that issue.
 
 
 5
 Johnson I knocked out the class members whose claims matured between 1978 and 1990, so most of the money must have gone out of the case when that decision came down. The lodestar amount was 102.75 hours for Mr. Deford and 126.50 for Mr. Robinson, times $75 per hour. The judge adjusted this amount to eliminate hours spent on the class certification issue, which left 23.625 hours for Deford and 42.2 for Robinson. The judge also awarded 15.375 hours for Deford and 2.15 for Robinson for time spent on the attorneys' fee petition. The total award was $9,370.21 instead of the $41,945.48 sought.
 
 II.
 
 6
 The district judge adjusted the $75 statutory rate for changes in the general cost of living, to $112.42. He refused to raise it further, as the plaintiffs requested, based on the attorneys' generally charged market rates, or on an inflation factor based on inflation of legal fees rather than the general consumer price index. His explanation was as follows:
 
 
 7
 The Court recognizes that there may be few private attorneys with the knowledge, skill or desire to litigate social security cases such as this. However, this Court has never employed the "Legal Services" index, and finds no compelling reason to do so now. Consistent with the Ninth Circuit decision in Ramon-Sepulveda v. I.N.S., 863 F.2d 1458 (9th Cir.1988), this Court has approved an increase in the hourly rate due to an increase in the cost of living based on the "All Items" index of the Consumer Price Index as of June 1992 to $112.42 per hour from the base rate of $75. The Court finds that this is a reasonable rate to award Plaintiffs for counsel's time.
 
 
 8
 This adequately explains the refusal to use the legal services inflator instead of the general price inflator, but it does not explain why the court did not use a higher rate than the inflated statutory limit based on "special factors."
 
 
 9
 "[A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. Sec. 2412(d)(2)(A)(ii). The Supreme Court has explained that an increase based on a special factor is warranted if (1) the attorneys have developed a distinct knowledge or specialized skill, such as patent law, (2) the case requires attorneys with those qualifications, and (3) attorneys with those qualifications are not available at the statutory rate. Pierce v. Underwood, 487 U.S. 552, 572 (1988).
 
 
 10
 On remand, the district court should consider whether special factors required a higher rate than the inflation corrected $75, and, whichever decision it makes, provide the necessary findings under Pierce v. Underwood, 487 U.S. 552, 572 (1988). See also Pirus v. Bowen, 869 F.2d 536, 540-42 (9th Cir.1989).
 
 III.
 
 11
 Plaintiffs argue that the district court erred in subtracting the hours spent on the class certification issues, because the court could not break down the prevailing party determination issue by issue. It is correct that there is just one prevailing party determination, not an issue by issue determination. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 160 (1990); Andrew v. Bowen, 837 F.2d 875, 877-80. The district court acted within its discretion, Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir.1990), in determining that Johnson was the prevailing party. Plaintiffs' victory was compelled by Ceguerra, which they had nothing to do with, and much of the preparation in the lawsuit turned out to have been unnecessary because of Ceguerra, but the plaintiffs could not know that when they filed. The lawsuit did bring about substantial relief for members of the plaintiff class as finally circumscribed.
 
 
 12
 Plaintiffs' argument fails to the extent they would require the district court to infer from their prevailing party status that all their hours must be compensated. The prevailing party and substantial justification determinations control whether the plaintiff recovers attorneys' fees, but they do not control how much. Farrar v. Hobby, 113 S.Ct. 566, 574-75 (1992); Hensley v. Eckerhart, 461 U.S. 424, 435-36 (1983). Where a plaintiff is deemed "prevailing" even though he has succeeded on only some claims for relief, the district court properly considers whether the level of success makes the hours expended a reasonable basis for making the award. Hensley, 461 U.S. at 434; Jean, 496 U.S. at 163 n. 10. Hours times rate may be unreasonably high when the plaintiff has achieved only partial success. Hensley, 461 U.S. at 436. The district court necessarily has discretion in making this equitable judgment, and there is no precise rule or formula. Id. at 436-37.
 
 
 13
 As this case stood when it was before the magistrate judge, he felt that plaintiffs should not receive an award for the time spent on the class certification issues, because the government's position on those issues was substantially justified though mistaken. Subsequently we decided that the magistrate's decision in favor of the plaintiffs on the class certification was mistaken. That necessarily implied that the government's position on the class certification issues was substantially justified. A correct position is a fortiori substantially justified. The extent of the plaintiffs' victory was greatly reduced when Johnson I knocked out the class members whose claims matured between 1978 and 1990, and left in only those whose claims matured within 60 days of when suit was filed in 1990.
 
 
 14
 Hensley does not limit cuts to hours not reasonably spent. Hours reasonably spent can still be cut, in the discretion of the district judge, where they did not produce beneficial results. Farrar, 113 S.Ct. at 574-75. In the case at bar, success on the merits turned out to be quite limited. To the extent that the lawsuit was successful, that was because of the fortuity of another case which decided the main issue. To the extent that it was not controlled by that other case, Ceguerra, the case at bar was largely unsuccessful. We remand to permit the district court to determine, pursuant to Farrar and Hensley, the extent to which the results obtained by the plaintiffs justifies an attorneys' fee award.
 
 
 15
 This is not to say that the district court must change the result. In ruling on the fee application, the district court reduced the fee award for the fees attributable to time spent on the class certification issue. While the district court did not couch this reduction in terms of the results obtained by the plaintiffs, because they had not yet lost on appeal, the district court accomplished the same end by awarding fees for only those claims for which the plaintiffs ultimately were successful. On remand, the district court may determine that the fee award previously awarded is still proper.
 
 
 16
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3