UNITED STATES of America,
Plaintiff–Appellant,

v.

$405,089.23 U.S. CURRENCY,
et al., Defendants,

and

Payback Mines; Charles Wesley Arlt;
James Eli Wren, Claimants–
Appellants.

No. 00–55757.
D.C. No. CV–91–03264–AWT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2001.

Decided May 24, 2001.

710

Before HUG, DUHÉ * and TALLMAN, Circuit Judges.

## MEMORANDUM **

Charles Arlt, James Wren, and Payback Mines ("Claimants"), after winning a civil forfeiture action brought by the United States against their assets, moved for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The dis-

trict court denied their motion and they appealed. We have jurisdiction and we affirm.

■ The district court's decision not to grant attorneys' fees is reviewed for abuse of discretion. *See Andrew v. Bowen*, 837 F.2d 875, 879 (9th Cir.1988). Under 28 U.S.C. § 2412(d)(1)(A), the Claimants are entitled to attorneys' fees if they can demonstrate that the Government was not substantially justified in pursuing the forfeiture action.[1]

■ To prevail in the forfeiture action, the Government was required to show that it had probable cause to believe, at the time it instituted the action, that the assets were subject to forfeiture. The Government establishes probable cause by demonstrating, by a totality of the circumstances, that the assets subject to forfeiture were connected in some way to the illegal activity. *See United States v. Real Property Known as 22249 Dolorosa Street*, 167 F.3d 509, 513 (9th Cir.1999).

The Government presented the following evidence to establish probable cause: (1) Claimants purchased all of the assets with cash between 1990 and early 1991 before they were arrested on suspicion of running an illegal drug operation; (2) between 1990 and early 1991 they purchased large quantities of hydriodic acid, a precursor chemical to the manufacture of

* Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Claimants urge us to retroactively apply the new standard for granting attorneys' fees under the Civil Asset Forfeiture Reform Act, which entitles a claimant to attorneys' fees when it "substantially prevails" rather than when United States is not "substantially justified" in pursuing the forfeiture action. *See* Civil Asset Forfeiture Reform Act, Pub.L. No. 106–185, § 4(a), 114 Stat. 202, 212 (2000). We decline to do so in this case. Not only did the Claimants waive this argument by failing to address it in their opening brief, but even if they had properly raised the issue, this case is inappropriate for retroactive application of CAFRA since retroactive application would attach a new legal consequence to the conduct of the United States which was not present at the time it filed the forfeiture action or decided to proceed with the forfeiture action after the remand. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

methamphetamine; (3) their justification for the purchase—to assist in the gold mining operation—was suspect because the evidence showed that no gold mining had taken place at the site in over five years; (4) the gold mining business and towing business did not appear to generate sufficient income to purchase the assets; (5) Arlt stated that he had no income until 1990; and (6) the income that the Claimants would have generated by purchasing hydriodic acid then reselling it to methamphetamine manufacturers would have been sufficient to purchase the assets.[2]

The district court concluded that, at the time of the decision in *$405,089.23 II*, the Government reasonably believed, based on existing case law, that it only needed a stronger circumstantial case than it had presented, rather than a "specific connection" between the assets and the illegal activity. *See United States v. $405,089.23 in U.S. Currency*, 122 F.3d 1285 (9th Cir. 1997). The district court reasoned that *$405,089.23 II* "did not purport to overturn prior case law, nor did it state that it was changing the standard for probable cause in any way." Therefore, the Government could reasonably conclude that footnote 4 in *$405,089.23 II* did not create a requirement of a specific connection where none existed before. *See id.* at 1290 n. 4. These findings do not constitute an abuse of discretion.

At the time the Government received the decision in *$405,089.23 II*, cases existed where probable cause was found on an equal or lesser showing than the showing made in this case. *See, e.g., United States v. $215,300 U.S. Currency*, 882 F.2d 417, 419 (9th Cir.1989); *United States v. U.S. Currency, $83,310.78*, 851 F.2d 1231, 1235–

36 (9th Cir.1988); *United States v. $93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir.1984). Moreover, the language in footnote 4 of *$405,089.23 II* as a whole could reasonably have led the Government to conclude that all that was required was a showing that the cash used to purchase the assets could not have come from a source other than the illegal drug operation. *See $405,089.23 II*, 122 F.3d at 1290 n. 4.

Although this evidence was not sufficient to establish probable cause according to this Court in *$405,089.23 III, see United States v. $405,089.23 in U.S. Currency*, 191 F.3d 461, 1999 WL 685967 (9th Cir.1999), we conclude that the Government did not act unreasonably in pursuing the forfeiture action.

Claimants also assert that they are entitled to attorneys' fees because the Government acted in bad faith in pursuing the forfeiture action. *See* 28 U.S.C. § 2412(b); *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir.1990). We conclude that the Government did not act in bad faith. *See United States v. Real Property Known as 22249 Dolorosa Street*, 190 F.3d 977, 984 (9th Cir.1999).

AFFIRMED.

---

**2.** Claimants argue in their reply brief that all of the additional evidence submitted by the Government on remand was incompetent evidence for various reasons. The district court credited the evidence, however, and Claimants did not appeal the district court's decision to credit the evidence. Therefore, the reply brief argument that the evidence was incompetent is waived.