Mohamad HUDA, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 02–56020.
D.C. No. CV–98–10577–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided May 27, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM *

The Appellant, Mohamad Huda, appeals from the district court's denial of his request for market-based attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Huda contends that he should have been awarded market-based fees under § 2412(b) because the defendant, the Commissioner of the Social Security Administration, acted in bad faith. Because the facts are familiar to the parties involved, we recount them only as necessary to explain our decision.

Bad faith fees are "typically invoked in cases of vexatious, wanton, or oppressive conduct." *Brown v. Sullivan,* 916 F.2d 492, 495 (9th Cir.1990) (citations and internal quotations omitted). Such fees are only warranted in "exceptional cases . . .

for dominating reasons of justice." *Id.* (quoting *Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751, 756 (9th Cir. 1986)). A district court's determination of bad faith can be reversed only if it is clearly erroneous. *Cazares v. Barber,* 959 F.2d 753, 754 (9th Cir.1992).

■ 1. We affirm the district court's holding that the administrative law judge's ("ALJ's") initial use of an erroneous legal standard was not bad faith. *Cf. Barry v. Bowen,* 825 F.2d 1324, 1334 (1987) (government's "unreasonable implementation and defense" of its own motion review program in disability proceedings did not constitute bad faith).

■ 2. The district court did not clearly err in concluding that the ALJ's failure to obey a court order was not bad faith. Although the ALJ failed to follow the directions on remand, there is no evidence that the ALJ acted with any "vexatious, wanton or oppressive" purpose.

■ 3. The district court also determined that there was no bad faith in the Commissioner's litigation posture once the case returned to the district court. The district court premised its lack of bad faith holding on a finding that the Commissioner did not learn of the ALJ's failure to follow a court order until September 25, 2001, when Huda filed a motion for summary judgment. That determination was clearly erroneous.

The Commissioner was on notice of the ALJ's error on April 5, 2001, when Huda filed his motion to reopen. The motion attached a copy of the ALJ's opinion and argued that the ALJ had failed in that decision to follow the district court's directive to make specific credibility findings. The Commissioner was therefore on

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

notice in April of the ALJ's failure to conform its consideration on remand with the district court's order. But the Commissioner did not act to remedy the ALJ's failure until November 6, 2001, when the Commissioner filed a motion to remand. Thus, the delay was not under two months, as the district court found, but, instead, more than seven months. The bad faith determination therefore rests on a clearly erroneous factual premise and cannot stand.

■ Nor is the Commissioner's explanation for the delay—the need for the hearing transcript—convincing. The ALJ's March 21, 2001 decision demonstrates on its face that the ALJ failed to follow the district court order. The court order required the ALJ to "state clear and convincing reasons ... to reject plaintiff's excess pain and symptom testimony." The ALJ decision on remand made no such findings. Instead, the ALJ incorporated the "excess pain" analysis from the "previous [ALJ] decision"—the one reversed by the district court—and stated that the "claimant did not give any new testimony that would indicate a differing view on the credibility of his symptoms." Anyone reading the decision and familiar with the court's order requiring specific credibility findings could tell that the ALJ failed to follow the court order. The transcript, although it may have confirmed this shortcoming, was unnecessary.

An unjustified, relatively lengthy delay in conceding an obvious failure to conform to a court order amounts to bad faith. In *Brown v. Sullivan,* for example, this court held that the Secretary of Health and Human Services had acted "vexatious[ly]" and "wanton[ly]" in part because of delays in transcribing a hearing tape. *See* 916 F.2d at 496. The Commissioner's continuing assertion before the district court and this court that the seven-month delay was jus-tified by the need to obtain an unnecessary transcript further supports a finding of bad faith here.

■ 4. On remand, bad faith fees should be assessed from April 5, 2001, the date Huda's motion to reopen was filed, onwards. *See id.* at 497 (bad faith fees accrue from the time of the bad faith forward). The enhanced fee award shall include any fees that "are in some way traceable to the [Commissioner's] bad faith." *Id.*

Huda shall recover his costs on appeal to the extent allowed by law.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**