**UNITED STATES of America, Plaintiff,**

v.

**Steven Francis SOMMERS, Francis Xavier Sommers, and M & T Company, d/b/a T & M Distributing, Defendants.**

**Crim. No. 93–9.**

United States District Court, S.D. Iowa.

Oct. 7, 1994.

Don C. Nickerson, U.S. Atty., and Kevin E. VanderSchel and Lester A. Paff, Asst. U.S. Attys., for plaintiff.

Raymond Rosenberg and Dean Stowers of The Rosenberg Law Firm, Des Moines, IA, for defendant Steven Francis Sommers.

Thomas D. Hanson and Lu Ann White of Hanson, Bjork & Russell, Des Moines, IA, and Robert J. Murray of Kennedy, Holland, Delacy & Svoboda, Omaha, NE, for defendant Francis Xavier Sommers.

Thomas D. Hanson and Lu Ann White of Hanson, Bjork & Russell, Des Moines, IA, for defendant M & T Co., d/b/a T & M Distributing.

## ORDER

WOLLE, Chief Judge.

Defendant Steven Francis Sommers, acquitted after trial of this criminal case, contends the government should pay a portion of his costs. The court denies the motion for costs, finding sovereign immunity bars the claim.

This case has its roots in *United States v. Articles of Drug,* 890 F.2d 1004 (8th Cir. 1989). There, the Eighth Circuit Court of Appeals upheld an injunction prohibiting Steven Sommers and a corporation he was operating, named Midwest Pharmaceuticals, Inc., from selling or marketing misbranded drugs. Steven Sommers thereafter transferred the business to his father, Francis Xavier Sommers. The successor company operated both under its new corporate name, M & T Company, and also under the trade name T & M Distributing. The government, believing Steven was operating M & T as his own business, elected not to bring a contempt action against Steven but rather to proceed with criminal charges against Steven, his father Francis, and M & T Company.

On February 12, 1993, a federal grand jury returned a twenty-six count indictment against Steven Sommers, Francis Sommers, and M & T Company. On December 17, 1993, a grand jury returned a superseding indictment, adding, deleting, or modifying the charges against defendants.

The charges against the defendants included four main categories: (1) distribution or aiding and abetting the distribution of the precursor chemical ephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine; (2) aiding and abetting the manufacture of methamphetamine; (3) various money laundering charges; and (4) various criminal forfeiture charges. In addition, Steven Sommers and Francis Sommers were charged with conspiracy to distribute misbranded drugs. This court declared Francis Sommers incompetent to stand trial on February 8, 1994. After more than thirty days of trial, with fifty-four witnesses and hundreds of pages of exhibits, the jury returned verdicts of not guilty on all counts for both remaining defendants.

On July 15, 1994, defendant Steven Sommers filed an application for costs pursuant to Title 28, United States Code, Section 1920. He seeks reimbursement primarily for photocopying discovery papers, transcripts, witness fees, and service of process fees. The government resists, arguing it is immune from assessment of costs and there has been no waiver of sovereign immunity.

The court granted the parties until September 21, 1994, to file final briefs on the issue. The matter is ready for ruling. The court concludes sovereign immunity prevents a defendant acquitted of criminal forfeiture charges from obtaining costs as a prevailing party.

Courts have recognized that under Title 28 United States Code, Section 2412, also known as the Equal Access to Justice Act (EAJA), prevailing claimants in civil forfeiture cases may seek costs and fees. *See, e.g., United States v. Parcels of Property,* 9 F.3d 1000, 1003, 1006 (1st Cir.1993) (forfeiture under 21 U.S.C. § 881; probable cause existed to initiate forfeiture; claim for costs under 28 U.S.C. § 2465 failed); *United States v. Real Property Located at 2323 Charms Road,* 946 F.2d 437, 439 (6th Cir.1991) (EAJA fees sought for forfeiture under 21 U.S.C. § 881); *United States v. B & M Used Cars,* 860 F.2d 121, 124 (4th Cir.1988) (28 U.S.C. § 2412

applies in nontort, civil actions). Title 28, United States Code, Section 2412(a)(1) provides, in part:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any *civil* action brought by or against the United States....

28 U.S.C. § 2412(a)(1) (emphasis added).

Here the government sought forfeiture through criminal, not civil, proceedings. *Compare* 21 U.S.C. § 881 (civil forfeiture) *with* 18 U.S.C. § 982 *and* 21 U.S.C. § 853. Despite the obvious limitation in section 2412 to civil actions, defendant argues he may obtain costs in a criminal forfeiture case. Civil forfeiture provisions apply to criminal forfeiture to the extent they are not inconsistent. 18 U.S.C. § 1963(h); 21 U.S.C. § 853(j). Defendant argues this means that because section 2412 applies in civil forfeiture, it also applies in criminal forfeiture. He also argues criminal forfeiture is similar enough to civil forfeiture to apply section 2412 to criminal forfeiture.

The government argues none of the costs statutes defendant cites waives the government's sovereign immunity from cost assessments in criminal cases. The government also argues defendant is trying to bootstrap Title 28, United States Code, Section 2412 through Title 21, United States Code, Section 881(d) to apply section 2412 to criminal forfeiture.

■ Sovereign immunity provides that the United States may not be sued without its consent. *Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 411–12, 5 L.Ed. 257 (1821) (Marshall, C.J.) ("[t]he universally received opinion is, that no suit can be commenced or prosecuted against the United States") Absent statutory waiver, courts may not assess costs against the United States. *United States v. Chemical Found., Inc.,* 272 U.S. 1, 20, 47 S.Ct. 1, 8, 71 L.Ed. 131 (1926). The statutory waiver must be "unequivocally expressed." *See United States v. Idaho,* — U.S. ——, ——, 113 S.Ct. 1893, 1896, 123 L.Ed.2d 563 (1993) (citations omitted). "'Any such waiver must be strictly construed in favor of the United States,' [ ] and not

enlarged beyond what the language of the statute requires [ ]." *Id.* (quoting *Ardestani v. INS,* 502 U.S. 129, ——, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991), and citing *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983)).

Defendant's argument is one of first impression in this court. The First Circuit Court of Appeals recently addressed the sovereign immunity defense in *United States v. Horn,* 29 F.3d 754 (1st Cir.1994). There the court considered whether sovereign immunity prevented a district court from using its supervisory powers to assess attorneys' fees and costs against the government for prosecutorial misconduct in a criminal case. It concluded a court could not use its supervisory powers to bypass sovereign immunity. *Id.* at 767. In considering whether there was a statutory waiver to allow fee awards in criminal cases, the court stated, "[T]here is no such statute or rule applicable here—and appellees, to their credit, do not pretend that one exists." *Id.* at 764. The court also pointed out "the fact that [costs] are routinely awarded against the government in civil cases (under 28 U.S.C. § 2412) is of no assistance to the appellees in this case." *Id.* at 765. The point of the First Circuit's statements are equally applicable here.

Defendant relies on *United States v. Hiland,* 909 F.2d 1114, 1142 (8th Cir.1990), in arguing that 28 United States Code, section 1920 concerning assessment of costs applies against the government in criminal as well as civil cases. *Hiland* does not stand for that proposition. In *Hiland* the court held that under Title 28, United States Code, Section 1918(b), a court could tax against a defendant only those costs listed in section 1920. *Id.* In the case on which the *Hiland* court relied, *United States v. Procario,* 361 F.2d 683, 684 (2d Cir.1966) (per curiam), the court assessed costs listed in section 1920 not against the government but against a convicted defendant.

None of the statutes on which defendant relies explicitly creates a waiver of sovereign immunity in criminal forfeiture cases. That ends the matter. The silence of section 1920 on taxation of costs against the government does not implicitly waive sovereign immunity. Likewise, defendant's equal protection argu-

ment is without legal support and cannot overcome the well-established doctrine of sovereign immunity.

 Independent of his other arguments, defendant argues he is entitled to costs under Title 28, United States Code, Section 2465 unless the court issues a certificate of reasonable cause for the seizures. Without finding section 2465 applies in criminal forfeiture cases, the court notes the grand jury returned an indictment including charges for criminal forfeiture. The indictment establishes unequivocally the grand jury's determination that there was probable cause to believe the property was subject to criminal forfeiture. *United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974).

The court concludes sovereign immunity bars defendant's application for costs. The court therefore deems moot the government's application for a certificate of reasonable cause that was its fallback position.

Defendant's application for taxation of costs against the government is denied.

IT IS SO ORDERED.