**UNITED STATES of America, Plaintiff,**

**v.**

**Frank E. BACHNER, Defendant.**

**In re: Forfeiture proceeding involving a 1973 Mitsubishi aircraft.**

**No. 87–8028–CR.**

United States District Court, S.D. Florida, West Palm Beach Division.

Jan. 20, 1995.

See also 741 F.Supp. 221.

Vivian Rosado, Asst. U.S. Atty., Miami, FL, for plaintiff.

Jonathan Goodman, Akerman, Senterfeitt & Eidson, Miami, FL, for defendant.

### ORDER ON FEES AND EXPENSES UNDER EQUAL ACCESS TO JUSTICE ACT

ROETTGER, Chief Judge.

**THIS CAUSE** is before the Court upon petition for fees and expenses filed by claimant, R.A.C. Leasing Corporation ("R.A.C."). Defendant, Frank Bachner, was indicted for knowingly and intentionally engaging in a criminal enterprise to import cocaine. As part of the indictment, the United States sought forfeiture upon Bachner's conviction of his interest in property obtained or used in such enterprise including a 1973 Mitsubishi Aircraft Model MU–2B–25, N500BJ, Serial No. 272 (the "aircraft"). Subsequent to Bachner's conviction, his interest in the property was forfeited to the government by final judgment of this Court on May 3, 1989.

On August 1, 1989, claimant, R.A.C., filed a verified petition for hearing to adjudicate the validity of R.A.C.'s interest in the aircraft alleging that the aircraft was purchased and that no owner, officer, director or employee of R.A.C. had any knowledge of any illegal

use of the aircraft. Following a trial in which the jury found in favor of R.A.C., this Court entered an Amended Final Judgment of Forfeiture excluding the interests of R.A.C. from the Government's forfeiture of the aircraft.

Thereafter, R.A.C. filed a petition for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. R.A.C. contends that it is entitled to attorneys fees and costs in the amount of $79,867.70 under the "bad faith" exception to the American rule regarding attorneys fees pursuant to 28 U.S.C. § 2412(b) which provides for fees to the prevailing party in any civil action brought by or against the United States to the same extent that any other party would be liable under the common law. Alternatively, R.A.C. seeks attorneys fees and costs in the amount of $41,683.50 under 28 U.S.C. § 2412(d) which provides for fees to the prevailing party in any civil action brought by or against the United States unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The government contends that R.A.C.'s petition for attorneys' fees and expenses should be denied in its entirety as no civil action was brought by or against the United States as required under EAJA. The government emphasizes that the action was brought pursuant to the criminal forfeiture statute, 21 U.S.C. § 853, and not the civil forfeiture statute, 21 U.S.C. § 881. *United States v. Sommers,* 864 F.Supp. 902 (S.D.Iowa 1994).

■ However, whether a hearing to adjudicate a third party's interest in forfeited property under 21 U.S.C. § 853(n) is a civil action for purposes of an award under EAJA is an issue of first impression in this circuit. The relief sought, and not the nature of the proceeding, determines whether a matter is criminal or civil. *Lee v. Johnson,* 799 F.2d 31 (3rd Cir.1986). While the forfeiture case was ancillary to the criminal action, the matter was civil in nature. For example, R.A.C. carried the burden of proof at trial, the burden of proof was by a preponderance of the evidence, and R.A.C. sought to protect its property rights which are ordinarily protected by civil actions.

Further, in *U.S. v. Lavin,* 942 F.2d 177 (3rd Cir.1991), the Third Circuit Court of Appeals held that a hearing under 21 U.S.C. § 853(n) is a civil case for purposes of calculating the time for filing a notice of appeal. In reaching this conclusion, the court noted that "a hearing to adjudicate the validity of a third party's interest in forfeited property is not a criminal prosecution, i.e., an action commenced by the government to secure a sentence of conviction for criminal conduct." *Id.* at 182.

If the United States Attorney had pursued this matter under the civil forfeiture statute there would be no question that attorneys fees and costs would be available pursuant to EAJA. *See U.S. v. Property Located at 4880 S.E. Dixie Highway,* 838 F.2d 1558 (11th Cir.1988). It seems fundamentally unfair for the availability of attorneys fees to hinge upon the choice of the U.S. to bring the action under the civil or criminal forfeiture statute. For these reasons, this Court finds that the EAJA applies to this action.

R.A.C. seeks an award pursuant to 28 U.S.C. § 2412(b) under the "bad faith" exception. R.A.C. alleges various instances of "bad faith" on the part of the government including that (1) the government failed to establish that R.A.C. was not an innocent owner; (2) the government failed to return the plane despite a written stipulation; (3) the government did not provide R.A.C. with a recorded telephone conversation by Bachner that the plane was sold; (4) the government represented to the Court that the tape had nothing to do with the case; (5) when it was later discovered that the tape contained relevant information, the government's response was that it had made its previous assertion to the Court without listening to the tape; (6) the government misstated during opening arguments that it would show that R.A.C.'s principal, Richard Lacle, was present when an open container of ether was discussed; and (7) after the verdict, the government did not return the plane on time in accordance with the Court's order.

■ Attorneys' fees may be assessed against a losing party which has acted in bad

faith, vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Bad faith can be established: (1) on the losing party's conduct of the litigation and the merit of its claims or litigation position when the court finds both that the losing party's claims were entirely frivolous, unreasonable or groundless *and* made for reasons of harassment or delay; or (2) on the conduct giving rise to the legal controversy when a party confronted with a clear legal duty is so recalcitrant in performing that duty that the injured party is forced to resort to litigation to vindicate his rights. *See Lear Siegler v. Lehman,* 842 F.2d 1102 (9th Cir.1988); *New York City Housing Authority v. Kemp,* 751 F.Supp. 1123 (S.D.N.Y.1990).

The government's conduct of this matter was quite questionable in many respects, the most egregious of which being its treatment of the written stipulation for release of the aircraft. The government had signed a stipulation of release of the aircraft "to the owner, R.A.C. Leasing Corp" and recited that "... the Office of Chief Counsel, DEA, has reviewed and approved, a petition for Remission." Then, the government reneged on it, compelling this trial in which it took the six member jury only twenty-seven minutes to decide in favor of R.A.C. and against the government. This conduct, in conjunction with the other examples previously cited, is sufficient to meet the legal standard for a bad faith award under 28 U.S.C. § 2412(b).

As the government has not contested the R.A.C.'s award calculation under 21 U.S.C. § 2412(a) & (b), the Court adopts these calculations.

Accordingly, it is

**ORDERED AND ADJUDGED** that the R.A.C.'s application for attorney's fees, expenses, and costs under the Equal Access to Justice Act is hereby **GRANTED** and judgment is entered in favor of claimant, R.A.C.,

in the amount of $79,868.70, for all of which let execution issue.[1]

**DONE AND ORDERED.**

---

1. This court reserves the right to make modifications as to form for purposes of clarity in the event of an appeal to the Eleventh Circuit Court of Appeals and may make substantive changes upon motion by a party.