**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

RICHARD JOYNER HOLLAND, JR.;

No. 99-6823

SHIRLEY JEAN HOLLAND WRIGHT;
GREGORY F. HOLLAND, Co-executors
of the Estate of Richard Joyner
Holland, Sr., Deceased,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-97-139-2)

Argued: January 27, 2000

Decided: June 15, 2000

Before LUTTIG and MOTZ, Circuit Judges, and
Norman K. MOON, United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Moon wrote the opinion, in
which Judge Luttig joined. Judge Motz wrote an opinion concurring
in the judgment.

_____

**COUNSEL**

**ARGUED:** David S. Kris, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellant. James Crawford Roberts,

Jr., MAYS & VALENTINE, L.L.P., Richmond, Virginia; Hunter W. Sims, Jr., KAUFMAN & CANOLES, Norfolk, Virginia, for Appellees. **ON BRIEF:** Helen F. Fahey, United States Attorney, Justin W. Williams, Assistant United States Attorney, Larry L. Gregg, Assistant United States Attorney, James A. Metcalfe, Assistant United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Alan D. Albert, John S. West, MAYS & VALENTINE, L.L.P., Richmond, Virginia; Patrick H. O'Donnell, Beth V. McMahon, KAUFMAN & CANOLES, Norfolk, Virginia, for Appellees.

_____

## OPINION

MOON, District Judge:

The United States appeals from the district court's denial of its motion for reconsideration of the district court's decision to award attorney's fees and costs to a criminal defendant under the Hyde Amendment, a federal statute that permits courts to award attorney's fees and costs to individuals who were subjected to a vexatious prosecution. For the reasons that follow, we affirm the district court's denial of the United States' motion for reconsideration.

I.

A criminal investigation was launched in October 1993 against Richard Holland, Sr., and Richard Holland, Jr., the respective chief executive officer and president of Farmers Bank. On September 26, 1997, a grand jury issued a 31-count indictment, charging the Hollands with making various false entries in bank records, misapplying bank funds, making false statements, perjury, obstructing justice, and conspiracy. After a two week trial, the district court issued an order dated April 30, 1998, granting the Hollands' motion for acquittal on all counts. The Hollands subsequently petitioned the district court for attorney's fees and other costs pursuant to the Hyde Amendment of the Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119,

2

§ 617, 111 Stat. 2440, 2519 (1997) (found as statutory note at 18 U.S.C. § 3006A).**1** On February 3, 1999, the district court found that the conduct of the FDIC and the U.S. Attorney's Office had been vexatious and granted the Hollands' motion for attorney's fees and costs pursuant to the Hyde Amendment.

Twenty-nine days after the district court awarded attorney's fees and costs to the Hollands, the government filed a"Motion for Reconsideration." On May 18, 1999, the district court ruled on the motion for reconsideration and concluded that Hyde Amendment proceedings are civil rather than criminal. Therefore, the district court concluded that any motions made pursuant to the Hyde Amendment should be treated as being filed in accordance with the Federal Rules of Civil Procedure. Although the United States did not designate under what rule it was filing its motion for reconsideration, the district court reasoned that the only motion for reconsideration that would not be timebarred under the Federal Rules of Civil Procedure would be one made pursuant to Rule 60(b). The court subsequently denied the Rule 60(b) motion for reconsideration because the United States did not present any new evidence or any other reason to reconsider the court's judgment to assess attorney's fees and costs.**2**

Twenty-nine days later, on June 16, 1999, the government filed a notice of appeal "from the decision of [the district court] on May 18, 1999." The government now argues that the February 3, 1999 award

_____

**1** In pertinent part, the Hyde Amendment states that:

> . . . the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

**2** The district court did grant the motion for reconsideration in part, but that part is not relevant to this appeal.

3

of attorney's fees and costs was made under the wrong section of 28 U.S.C. § 2412 and that attorney's fees and costs should not have been awarded because the government's prosecution was not vexatious within the meaning of the Hyde Amendment.

II.

The issue in this case is simply whether Hyde Amendment proceedings are civil or criminal in nature, and whether the Federal Rules of Civil or Criminal Procedure apply accordingly. The United States contends that the Hyde Amendment proceedings are criminal and that its appeal from the denial of the motion for reconsideration is therefore an appeal from the February 3, 1999 judgment. The United States argues that an appeal from the denial of a motion for reconsideration in the criminal context "necessarily raise[s] the underlying judgment for review." United States v. Dickerson, 166 F.3d 667, 677 n.10 (4th Cir. 1999), cert. granted in part, 120 S. Ct. 578 (1999).[3] The government does not contest that if the Hyde Amendment proceedings are instead civil in nature, then its appeal from the denial of the motion for reconsideration does not raise the underlying February 3, 1999 order for review on appeal.[4]

The question of whether Hyde Amendment proceedings are civil or criminal in nature for the purpose of applying rules of procedure is one of first impression in this court.[5]  We agree with the district court

_____

[3] Because we conclude that the Hyde Amendment proceedings are civil in nature, we do not address the question whether, in the criminal context, an appeal from a motion for reconsideration always raises the underlying order for appellate review.

[4] Rule 60(b) of the Federal Rules of Civil Procedure merely provides for the filing of a motion for reconsideration. It does not toll the running of time for filing an appeal. Stone v. INS, 514 U.S. 386, 401 (1995). Instead, the denial of a Rule 60(b) motion is appealable as a separate final order. Id. Because a Rule 60(b) motion for reconsideration and the original order are considered separate final orders, the appeal of one does not incorporate the other by default. Browder v. Department of Corrections, 434 U.S. 257, 263 n.7 (1978).

[5]  Two other Court of Appeals have addressed this issue. See United States v. Robbins, 179 F.3d 1268, 1270 (10th Cir. 1999) (holding, with-

4

that the Hyde Amendment proceedings are civil in nature and that the United States, therefore, has not appealed the district court's February 3, 1999 order.

We turn first to the language of the Hyde Amendment. Contrary to the contention of the United States, nothing in the statute denominates the proceedings in which fees are sought as either civil or criminal. We recognize that the Amendment does begin with a reference to the nature of the case that could give rise to an award of attorney's fees: "the court, in any criminal case . . . may award," § 617, 111 Stat. at 2519 (emphasis added). However, the phrase "in any criminal case" merely limits to "criminal cases" the cases in which attorney's fees may be awarded under the Hyde Amendment. That is, the Amendment's language simply empowers the court to award fees for services rendered in the defense of a criminal case. It does not address whether the ancillary Hyde Amendment proceeding in which the issue of fees is adjudicated is itself criminal or civil.

Although the statute does not characterize the nature of Hyde Amendment proceedings, we are confident that they are civil in nature. Ancillary motions in a criminal case are not necessarily criminal. See Lee v. Johnson, 799 F.2d 31, 36-38 (3rd Cir. 1986) (separate action to quash grand jury subpoena considered civil action); United States v. Douglas, 55 F.3d 584 (11th Cir. 1995) (property adjudication proceeding ancillary to criminal forfeiture prosecution determined to be a civil action); United States v. Chan, 22 F. Supp. 2d 1123, 1127 (D. Haw. 1998) (third party motion for attorney's fees characterized as a civil action). Instead, a proceeding that is basically civil should be considered a civil action even if it stems from a prior criminal prosecution. See United States v. Lavin, 942 F.2d 177, 181-82 (3rd Cir. 1991). A proceeding is basically civil if it redresses private injuries; a criminal proceeding, by contrast, establishes guilt and punishes offenders. See Black's Law Dictionary 374 (6th ed. 1990); see also

_____

out explanation, that the Federal Rules of Criminal Procedure apply to Hyde Amendment proceedings); United States v. Truesdale, ___ F.3d ___, 2000 WL 554543 (5th Cir. May 5, 2000) (holding that an appeal from the denial of fees under the Hyde Amendment is subject to the appeal period applicable in civil cases).

5

Lavin, 942 F.2d at 181 (criminal cases are prosecutions by the government to secure convictions for criminal conduct; civil cases are everything else). Hyde Amendment proceedings redress private injuries -- the costs accrued by an individual defending against a vexatious prosecution -- and do not establish guilt or punish offenders.**6**

The law of contempt provides a good analogy. In determining whether contempt is a civil or criminal proceeding, the Supreme Court instructs that courts ask "what does the court primarily seek to accomplish by imposing sentence?" Shillitani v. United States, 384 U.S. 364, 370 (1966). If the purpose of contempt is to coerce compliance, the penalty is civil; if the purpose of contempt is to punish for past disobedience, the penalty is criminal. Douglass v. First Nat'l Realty Corp., 543 F.2d 894, 898 (D.C. Cir. 1976). The test applies regardless of whether the underlying court proceedings are civil or criminal. See Shillitani, 384 U.S. at 368 (civil contempt penalty imposed when underlying proceeding was criminal); Douglass, 543 F.2d at 898 (criminal contempt fine imposed when underlying proceeding was civil).

Because the Hollands sought restitution -- not criminal sanctions -- for their prosecution, the ancillary motions concerning the award of attorney's fees are most properly characterized as motions pursuant to a civil action against the United States. The statute itself confirms that the award of attorney's fees and costs is remedial in nature because those individuals who did not incur attorney's fees cannot be awarded those fees. See § 617, 111 Stat. at 2519 ("[T]he court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public)... may award [fees] ..." (emphasis added).). Therefore, the focus of the statute is on compensating those individuals who are vexatiously prosecuted and who subsequently incur attorney's fees, not on forcing the government to pay fees as a form of punishment.

_____

**6** In fact, in a Hyde Amendment proceeding, the defendant has the burden of proof to establish that the prosecution was vexatious in order to obtain reimbursement for attorney's fees. This is contrasted with the traditional criminal trial burden on the government to establish the defendant's guilt beyond a reasonable doubt.

6

In these respects, a Hyde Amendment proceeding for attorney's fees is analogous to a motion for return of property made pursuant to Federal Rule of Criminal Procedure 41(e), which is "a civil action against the United States," "at least where no criminal proceedings are pending." United States v. Garcia, 65 F.3d 17, 19 n.2 (4th Cir. 1995) (citing Hunt v. Department of Justice, 2 F.3d 96, 97 (5th Cir. 1993) ("Rule 41(e) motions represent a means by which a criminal defendant can determine her rights in property, and not a part of the trial and punishment process that is criminal law.")). As in a Rule 41(e) motion, a Hyde Amendment proceeding is a means by which a criminal defendant can seek redress, and is not a part of the trial and punishment process that is traditionally the subject of criminal law.

Not only are we confident that Hyde Amendment proceedings are of a civil nature, but our conclusion that the Rules of Civil Procedure should apply is supported by the fact that the Hyde Amendment provides that "awards shall be granted pursuant to the procedures and limitations ... provided for an award under section 2412 [of the Equal Access to Justice Act]." The procedures in the Equal Access to Justice Act are, in turn, governed by the Federal Rules of Civil Procedure. It is, therefore, likely that Congress intended that the Hyde Amendment also be governed by the Federal Rules of Civil Procedure. Thus, the United States' motion for reconsideration was filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As the timely appeal from the denial of the Rule 60(b) motion did not bring up the underlying judgment for review, the motion for reconsideration is the only appeal properly before this Court.

When a motion for reconsideration is appealed, the standard of review is abuse of discretion. See Browder v. Department of Corrections, 434 U.S. 257, 263 n.7 (1978). Thus, we cannot consider the merits of whether the district court awarded attorney's fees pursuant to the incorrect section of 28 U.S.C. § 2412 or whether the United States' position in the criminal case was "vexatious" within the meaning of the Hyde Amendment. The United States does not assert that the district court abused its discretion in denying the motion for reconsideration. Therefore, the district court's denial of the motion is affirmed.

AFFIRMED

7

DIANA GRIBBON MOTZ, Circuit Judge, concurring in the judgment:

The Hyde Amendment authorizes an award of attorney's fees "in any criminal case." Based on this language, and on the reasoning of our sister circuit in United States v. Robbins , 179 F.3d 1268, 1270 (10th Cir. 1999), I would hold, if left to write on a clean slate, that an award of fees under the Hyde Amendment is part of the underlying criminal matter and therefore subject to the time limits for appeal applicable to criminal cases.

I believe that both substantive and practical considerations would support such a holding.

Because a decision to award or deny fees under the Hyde Amendment represents a close assessment of the merits (or meritlessness) of a criminal prosecution, that decision is quite close, in its substance, to the culpability determination itself. Cf. United States v. Lavin, 942 F.2d 177, 182 (3d Cir. 1991) (noting that action by third-party to recover property subject to criminal forfeiture, deemed to be "civil" in nature, "will have absolutely no effect on . .. the criminal defendant"). A district judge other than the one who presided over the trial would be, for this reason, at a distinct disadvantage in ruling on a motion for fees. This substantive congruity between the underlying culpability determination and the decision on a Hyde Amendment application cuts in favor of viewing the two as being subject to the same set of procedural rules.

Furthermore, a decision on a Hyde Amendment application will typically come at the close of a case, at the same time that other matters clearly subject to the criminal rules, such as a decision by the district judge to dismiss an indictment, also come up for appeal. It would make practical sense to view all appeals arising at this time, at the immediate close of the case, as subject to the same set of procedural rules.

The majority correctly demonstrates, however, that other courts, when faced with the choice of whether to designate a matter civil or criminal, have construed "civil" broadly and"criminal" restrictively. See 20 James Wm. Moore et al., Moore's Federal Practice, § 304.10

8

(3d ed. 1999) ("The term `civil,' although not defined in Appellate Rule 4, has been broadly construed to cover all cases that are not criminal prosecutions."). Although in making such a designation, those courts did not face a proceeding both so substantively and temporally close to the underlying criminal proceeding as a Hyde Amendment application, they have been reluctant to view anything beyond the prosecution itself as "criminal" in nature, recognizing only limited exceptions. <u>See</u> 20 <u>id.</u> § 304.20 (noting that courts have treated as "criminal" motions to quash a grand jury subpoena, motions for a correction or reduction of sentence, and motions for a new trial in a criminal case; also recognizing a circuit split in the treatment of <u>coram nobis</u> petitions). This reluctance to regard a matter as a "criminal" action counsels caution here. Further, the Hyde Amendment specifically incorporates by reference the "procedures" of the Equal Access to Justice Act, which regulates fees in a civil context, suggesting that a Hyde Amendment application, too, should be viewed as "civil." For these reasons, I cannot conclude that my good colleagues are incorrect in their holding.

Accordingly, I concur in the judgment.

9