*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0122p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

GRIFFIN INDUSTRIES, INC.,

                *Plaintiff-Appellee,*

    *v.*

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

                *Defendant-Appellant,*

LISA P. JACKSON, Administrator, United
States Environmental Protection Agency,

                *Defendant.*

No. 09-6422

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 05-00074—David L. Bunning, District Judge.

Argued: April 26, 2011

Decided and Filed: May 12, 2011

Before: GUY, CLAY, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Andrew Sparks, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellant. Paul Alley, GRAYDON HEAD & RITCHEY LLP, Ft. Mitchell, Kentucky, for Appellee. **ON BRIEF:** Andrew Sparks, Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellant. Paul Alley, Lynda Hils Mathews, GRAYDON HEAD & RITCHEY LLP, Ft. Mitchell, Kentucky, for Appellee.

—————————

**OPINION**

—————————

McKEAGUE, Circuit Judge.  This is an appeal from an award of attorney fees in the amount of $116,038.03, assessed against the United States Environmental Protection Agency ("EPA") under the Equal Access to Justice Act, 28 U.S.C. § 2412(b). The award is premised on the district court's findings that the EPA acted arbitrarily and not in accordance with law in responding to efforts by plaintiff Griffin Industries, Inc. ("Griffin") to prevent the EPA's disclosure of Griffin's confidential business information to third parties pursuant to requests under the Freedom of Information Act.  On appeal, the EPA contends the district court erred in two respects:  by awarding fees based on pre-litigation conduct, and by failing to make the required finding that the EPA acted in bad faith.  We agree with the EPA's latter argument and therefore reverse the award of attorney fees.

**I**

Griffin Industries is a Kentucky corporation engaged in the "rendering" business, recycling inedible animal parts for animal feed and biodiesel fuel.  Griffin operates in approximately 20 states and has a plant in Dublin, Georgia.  In 2003 and 2004, the Dublin facility was subject to investigation and criminal prosecution for violation of the Clean Water Act.  The prosecution culminated in the dismissal of several felony charges as Griffin pled guilty in November 2004 to a misdemeanor offense of negligent discharge of waste water and paid a $50,000 fine.  During the course of the investigation, the EPA acquired possession of voluminous records and documents relating to Griffin's business operations.  Some of the materials were seized pursuant to search warrants, some were obtained by grand jury subpoenas, some were obtained from state agencies, and some were generated by the EPA. Shortly after the criminal prosecution was closed, the EPA received two requests from third parties under the Freedom of Information Act

("FOIA") for disclosure of all documents pertaining to Griffin Industries.  It was the EPA's handling of these requests that came to form the basis for the attorney fees award.

The EPA advised Griffin on January 12, 2005 that the requests had been received and  would be initially denied pending review of the voluminous materials to determine whether they contained confidential information exempt from the FOIA disclosure requirements.  In response, on January 27, Griffin lodged its objection to the release of any information.   Over the next three months, the parties exchanged various communications.  In short, the EPA determined:  (1) that documents in its criminal investigative files obtained pursuant to search warrant or grand jury subpoena were exempt from the FOIA disclosure requirements; (2) that other materials in its investigative files had to be reviewed to determine whether exemptions applied (but denied that Griffin had the right to pre-screen the investigative files before the EPA released what it identified as non-exempt records); and (3) that "publicly available" documents (i.e., documents obtained from court dockets and state agencies) are not privileged or exempt from disclosure.  Griffin objected, maintaining that it was entitled to review the EPA's investigative files before release of any information, and that confidential business information contained in the so-called "publicly available" documents is exempt from disclosure.  Although no documents were in fact released to the requesters, Griffin was not satisfied with the EPA's assurances that its interests would be duly protected.  Griffin filed its complaint in the Eastern District of Kentucky on April 22, 2005, a "reverse FOIA action" for judicial review under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, seeking a temporary restraining order, injunctive relief and attorney fees.

The district court issued the requested temporary restraining order on April 22, enjoining disclosure of any investigative documents and publicly available documents. The court conducted a hearing on Griffin's motion for preliminary injunction on May 13, 2005 and took the motion under advisement pending post-hearing briefing. Meanwhile, the temporary restraining order remained in effect.  The post-hearing briefing was filed one week later, on May 20, 2005.  The motion for preliminary

injunction remained under advisement for three years with no apparent progress toward resolution. Finally, on June 20, 2008, the district court issued its ruling, a 58-page opinion, granting Griffin's requested declaratory and injunctive relief in part.

The court held the EPA's determination that "publicly available" documents are not exempt from the FOIA disclosure requirements, without conducting a detailed review of them, was arbitrary and capricious. The court therefore continued the injunction prohibiting disclosure of these documents "pending verification from each of the various state agencies involved that the documents provided are not only publicly available, but that Griffin is unable under state law to assert a basis to prevent such disclosure." R. 37, Opinion p. 58, EPA's Sealed App'x at 67. As to investigative documents, the court denied permanent injunctive relief "as premature pending completion of Plaintiff's review of what the EPA has now labeled as CBI [confidential business information]." *Id.* The court deferred ruling on Griffin's request for attorney fees pending the filing of a formal fee petition, but noted that an award of fees might be appropriate under the Equal Access to Justice Act.

After receiving briefing on Griffin's motion for attorney fees, the district court granted the motion in a telephone conference ruling on March 13, 2009, awarding the entire amount claimed by Griffin, $116,038.03. The court denied the EPA's subsequent motion for reconsideration on September 29, 2009. The EPA timely appealed, contending the award of attorney fees represents an abuse of discretion.

## II

Ordinarily, under the American Rule, "deeply rooted in our history and in congressional policy," each party bears its own attorney fees. *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 271 (1975)). Congress has, however, carved out specific exceptions to the rule. One of these is found in the Equal Access to Justice Act ("EAJA"), providing that in any civil action brought by or against the United States or any agency, "a court may award reasonable fees and expenses of attorneys" to the

prevailing party, and that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."  28 U.S.C. § 2412(b).  The district court awarded attorney fees to Griffin under this section, applying the common law "bad faith" exception to the American Rule.

Because an award of attorney fees under the EAJA for bad faith is extraordinary and punitive, a "stringent standard" must be met to justify the award. *Bergman v. United States*, 844 F.3d 353, 357 (6th Cir. 1988).  It requires a showing of the party's "subjective bad faith."  *Id.*  Attorney fees may not be awarded based solely on pre-litigation conduct giving rise to the underlying claim.  *Shimman v. Int'l Union of Operating Eng'rs*, 744 F.2d 1226, 1233 (6th Cir. 1984) (en banc).  However, pre-litigation misconduct "in bringing an action or in causing an action to be brought" and misconduct "during the course of the litigation" may rise to the level of sanctionable bad faith. *Id.* at 1230-31. *See also Centex Corp. v. United States*, 486 F.3d 1369, 1372 (Fed. Cir. 2007) (following *Shimman* and collecting cases).

In order to justify such a bad faith award of attorney fees, the district court must find (1) that the position advanced or maintained by a party was meritless, (2) that the meritlessness was known to the party, and (3) that the position was advanced or maintained for an improper purpose, such as harassment. *BDT Products*, 602 F.3d at 752; *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).  In other words, "the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *BDT Products*, 602 F.3d at 753 (emphasis in original).  "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *Id.* at 754.

Because the bad faith standard is a stringent one, the district court must "make actual findings of fact" demonstrating meritlessness, knowledge *and* improper purpose. *Big Yank*, 125 F.3d at 314. While we review the district court's decision to award attorney fees for abuse of discretion, *id.* at 312, its finding of bad faith is a finding of fact reviewed only for clear error. *Bergman*, 844 F.2d at 357.

**III**

The district court first addressed the question of attorney fees in its June 20, 2008 opinion granting partial declaratory relief. At the end of its lengthy opinion, the court devoted three pages to the question whether attorney fees "may be appropriate" under the EAJA. R. 37, Sealed Opinion, pp. 55-57, EPA's Sealed App'x at 64-66. Although no documents had been improperly released by the EPA, the court noted that the EPA's pre-litigation communications with Griffin between January and May 2005 gave the impression that the "publicly available" documents were considered to be categorically non-exempt and would be disclosed to the requesters without prior detailed review by the EPA. In the body of its opinion, the court explained its rejection of the EPA's position that such documents could be considered non-exempt per se because they had been voluntarily filed by Griffin with various state agencies:

> In this Court's view, [the EPA's] categorical designation of almost 15,000 pages of information as "publicly available" circumvented its regulatory obligation to review and assess these "business information" documents. Consequently, this failure to follow its own regulations resulted in a final release determination by the Agency that was arbitrary and capricious and not in accordance with law, in violation of the APA.

*Id.* at 33-34, EPA's Sealed App'x at 42-43. The court noted that "publicly available" is not defined in the governing regulations or in the EPA's FOIA Manual, that neither party had cited case law providing a relevant definition, and that the EPA had not offered persuasive justification for its use of the classification. The court acknowledged the EPA's reliance on Executive Order No. 12600, § 8(b), 52 Fed. Reg. 23781 (June 23, 1987), which exempts from the applicable notice requirements confidential commercial information that "has been published or has been officially made available to the public."

However, the court observed that even if the Executive Order lent facial support to the EPA's position, the EPA had failed to demonstrate that it *knew* the "publicly available" documents were "officially" subject to unfettered public access in the state agencies from which the records were obtained.

Reviewing the district court's opinion deferentially under the governing standards, it appears to have found both that the EPA's pre-litigation position regarding disclosure of the publicly available documents was meritless and that the EPA should have known it was meritless under its own regulations and procedures. In this appeal, the EPA does not explicitly challenge either finding.[1] Yet, as the EPA argues, more is needed to justify the award of attorney fees. As to the required finding of bad faith or improper purpose, the district court's declaratory ruling is silent. In fact, the court expressly avoided any speculation about "the Agency's or [any] particular employee's subjective motivations" as "unnecessary" for purposes of determining whether the EPA's handling of the matter had been in accordance with law. *Id.* at 5-6, EPA's Sealed App'x at 14-15. The court thus left for a later day the determination of whether the EPA had proceeded in bad faith.

That day came in the form of a telephone conference on March 13, 2009, when the court ruled on Griffin's motion for attorney fees. The transcript of the ruling shows, however, that the district court made no explicit finding of bad faith. It merely relied on its earlier finding that the EPA's handling of the publicly available documents was arbitrary and capricious and cited the argument made by Griffin in its reply brief in support of the motion for attorney fees. R. 69, Tel. Conf. Tr. at 18. Again, the court made no finding of subjective bad faith or improper purpose.

In its reply brief, Griffin cited case law from other jurisdictions holding that persistent recalcitrance in the face of a clear legal duty could justify an award of fees. *See Brown v. Sullivan*, 916 F.2d 492, 496 (9th Cir. 1990); *United States v. Bachner*, 877

---

[1]Because the EPA has refrained from challenging these determinations, we express no opinion on the correctness of the district court's evaluation of the merits of the EPA's position.

F.Supp. 625, 628 (S.D. Fla. 1995).  In both cases, attorney fees were awarded, despite lack of evidence of subjective bad faith or improper purpose, based on repeated mistakes or persistent disregard of duty.  Yet, no such exception to the "stringent" subjective bad faith requirement has been recognized in the Sixth Circuit.  In the Sixth Circuit, a finding of subjective bad faith or improper purpose is still required.  Moreover, *Brown* and *Bachner* are factually distinguishable in that the wrongfulness of the government officials' misconduct was manifest and clearly established.  Here, in contrast, although the district court held the EPA's use of the categorical "publicly available" classification was an impermissible shortcut under applicable regulations and procedures, the court noted that there was no case law defining the term "publicly available" as used in the Executive Order, and acknowledged that the concept was difficult to define. Furthermore, there still has not been any determination in this case, six years after the challenged conduct, that the EPA ever disclosed or intended to disclose a single document that has been shown to be actually exempt from the FOIA disclosure requirements.  In other words, notwithstanding the district court's ruling that the EPA's reliance on the "publicly available" classification—in its pre-litigation correspondence with Griffin and in its litigation defense—was without merit, the instant record does not substantiate the conclusion that the EPA ever breached any clear legal duty.  Hence, the reply brief case law passingly referred to by the district court is not persuasive justification for the award of fees in this case.

The district court was given a further opportunity to explain its ruling when the EPA moved for reconsideration.  Yet, despite the EPA's assertion that the requisite finding of bad faith was lacking, the court steadfastly declined to cure the shortcoming. Instead, it referred back to its declaratory ruling, stating that "it should be painfully obvious from the Court's prior ruling that indeed it viewed this case as one of those unusual circumstances [warranting a fee award]."  R. 74, Memorandum Order p. 3.  In response to the EPA's argument "that no formal finding of bad faith was made," the court answered, "regardless, that this was the conclusion of the Court is clear."  *Id.* at 4-5.  Finally, the court observed:  "The Opinion's analysis of why [the EPA's] handling

of those records was ultimately deemed to be arbitrary are the same considerations demonstrating the Agency's bad faith." *Id.* at 5.

Once again, the court persistently avoided making an explicit finding of subjective bad faith or improper purpose. Instead, the court appears to have deemed the meritlessness of the EPA's position sufficient in itself. The court did not identify any particular EPA employee who was motivated by subjective bad faith. Nor did the court find the EPA's actions were designed to harass Griffin, to delay or disrupt the litigation, to hamper enforcement of a court order, or to serve any other improper purpose. The court thus refused to find that "something more," beyond the knowing advancement of a meritless position, that is required to justify an award of fees. *See BDT Products*, 602 F.3d at 753.

This deficiency is no mere oversight. The court's failure to identify the third essential bad-faith element stands in stark contrast with the thoroughness of the court's analysis of the merits of the EPA's position. Moreover, the court's silence on this point is all the more striking in light of the EPA's motion for reconsideration, specifically inviting the court to buttress its ruling. The court demurred, refusing to reconsider the award of fees despite the utter lack of evidence of subjective bad faith. Its failure to make this required finding of fact renders the attorney fees award an abuse of discretion. *Big Yank*, 125 F.3d at 314.

We recognize the ruling could nonetheless be affirmed, despite the lack of an express bad-faith finding, if there were sufficient record evidence supporting the court's ruling. *BDT Products*, 602 F.3d at 757. Yet here, as was the case in *BDT Products*, neither the district court nor Griffin, despite ample opportunity, has pointed to direct or circumstantial evidence of such an improper purpose as would satisfy our stringent standard of bad faith. *See id.* The only improper purpose proposed by Griffin is speculation that the EPA's handling of the matter was "potentially retaliatory." That is, Griffin suggests the EPA's overly generous willingness to disclose documents potentially containing confidential business information to third party FOIA requesters

was motivated by a desire to retaliate against Griffin because the EPA's criminal prosecution of Griffin was not as successful as hoped. There is absolutely no record evidence to support such a finding of subjective bad faith. In fact, the EPA's "error" in interpreting the "publicly available" provision in the Executive Order may actually have been more attributable to the not-unreasonable desire to prudently manage its limited resources, while also complying with legal duties triggered by requests to disclose voluminous public records under FOIA. This impression is substantiated by several e-mail communications from EPA legal counsel, Bette Ojala, to Griffin's counsel, Kevin Murphy, on April 18 and 20, 2005, just before Griffin filed its complaint. *See* Griffin's Sealed Suppl. App'x at 73, 76, 85.

Griffin urges us to defer to the district court's "perceived indications" of improper motive not reflected in the record but nonetheless implicit in the award of attorney fees. Indeed, in recognition of the district court's institutional advantage in assessing such matters as subjective intent and credibility, we are constrained to review the district court's finding of bad faith only for clear error. *Bergman*, 844 F.2d at 357. Still, the district court is required to "make actual findings of fact" demonstrating meritlessness, knowledge *and* improper purpose. *Big Yank*, 125 F.3d at 314. We have no duty to defer where the district court not only fails, but affirmatively refuses to make a required finding and the record otherwise fails to substantiate the finding. Based on our independent review of the record, we can only conclude that any implicit finding of subjective bad faith is clear error.

## IV

Accordingly, we hold the district court abused its discretion when it granted the motion for attorney fees without making an actual finding of subjective bad faith or improper purpose. Because the relied-on exception to the American Rule provided in

the EAJA has not been shown to be applicable, the order awarding attorney fees to Griffin Industries must be and is **REVERSED**.[2]

---

[2]This ruling obviates the need to address the EPA's second argument, that the district court erred as a matter of law by awarding fees based on pre-litigation conduct. In *Shimman*, 744 F.2d at 1230-33, the Sixth Circuit held attorney fees may not be awarded based solely on pre-litigation conduct giving rise to the underlying claim, but left open the possibility of awarding fees based on pre-litigation misconduct "in causing an action to be brought." Because the district court clearly erred by failing to find bad faith misconduct at all, we need not decide whether the EPA's pre-litigation conduct was of the sort that could form the basis for an award of fees.